UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARVIN STONE o/b/o<br>AUDIE L. STONE, Deceased,<br><br>PLAINTIFF,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social Security<br>Administration,<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)  CASE NO. 05-CV-313-FHM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER

Marvin Stone, filed a complaint on behalf of Audie L. Stone, deceased. [Dkt. 2]. Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a

---

[1] Audie L. Stone's February 5, 2003 (protective filing date) applications for disability insurance and Supplemental Security Income benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held January 15, 2004. A supplemental hearing was held before a different ALJ on June 28, 2004. By decision dated September 20, 2004, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the ALJ's decision on April 8, 2005. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Audie L. Stone was born November 10, 1956, and was 47 years old at the time of the decision. [R. 103, 135, 352]. He claimed to have been unable to work since September 1, 2002, due to AIDS with related symptoms, degenerative disc disease, arthritis and depression. The ALJ determined that Plaintiff had severe impairments consisting of degenerative disc disease, depression and HIV infection. [R. 97]. Despite these impairments, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light and sedentary exertional work with additional limitations. [R.105]. He determined that Plaintiff's RFC precluded returning to his past relevant work (PRW) as an electrician helper, groundskeeper and tire repairman. [R. 102-103]. Based upon the testimony of a Vocational Expert (VE), the ALJ found Plaintiff could perform other sedentary jobs available in the economy and that, therefore, Plaintiff was not disabled as defined by the Social Security Act. [R. 103, 106]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**New Evidence to the Appeals Council**

After the ALJ entered his decision on September 20, 2004, Plaintiff's attorney submitted further evidence to the Appeals Council on September 23, 2004. [R. 82]. This evidence consisted of the initial evaluative report from Ashok Kache, M.D., dated November 20, 2003,[2] and progress reports dated March 23, 2004, May 21, 2004, and July 20, 2004. [R. 87-91]. Dr. Kache noted HIV and mechanical back pain syndrome in the March 2004 report. [R. 89]. In the May 2004 report, Dr. Kache indicated Plaintiff had "Likely neuropathy, both lower extremities, with burning pain." [R. 88]. In the July 2004 report, he found "Likely HIV neuropathy in the legs." [R. 87]. On October 28, 2004, Plaintiff's attorney submitted additional medical records from Dr. Kache, dated September 21, 2004, one day after the ALJ's decision, [R. 33] and a progress note, with accompanying EMG report, dated September 30, 2004. [R. 30-33]. The September 21, 2004 report described "dragging" of the right foot and toes and "[i]n the last month, he has stumbled and nearly fallen a couple of times." [R. 33]. Examination showed right leg weakness. *Id.* Dr. Kache diagnosed "HIV neuropathy with a new symptom of right foot drop and toe drag." *Id.* The September 30, 2004 EMG report confirmed right peroneal neuropathy at the fibular head [R. 30] and Dr. Kache diagnosed neuropathic pain of both lower extremities, right foot drop secondary to peroneal palsy and HIV. [R. 31].

Plaintiff's attorney submitted Oklahoma State University Clinic treatment records to the Appeals Council on November 19, 2004. [R. 15]. Those records consisted of

---

[2] This report is also found in the body of evidence that was before the ALJ when he entered his decision on September 20, 2004.

3

medication refills August 10, 2004 through September 2, 2004, [R. 18-20, 25-28]; blood lab results on August 31, 2004, [R. 21-24]; a "Patient Status Change Report" from September 30, 2004, indicating cold sweats, nausea and stomach pain and the need to be seen in the clinic "ASAP" [R. 17]; and an October 6, 2004 notation regarding blood tests and medication changes [R. 16].

On February 1, 2005, Plaintiff's attorney submitted 126 pages of additional medical evidence from Tulsa Regional Medical Center, the contents of which he described in detail to the Appeals Council. [R. 11-12]. The index provided by Plaintiff's attorney for those treatment records specifically identified the treatment dates and set forth the pages related to each treatment period. *Id.*

Included in those treatment records were emergency room records, along with blood lab results and x-ray reports in June 26, 2004, February 15, 2003, February 7, 2003, April 15, 1999, April 10, 1999, December 9, 1998 and December 8, 1998. [R. 452-490]. In the Tulsa Regional Medical Center's records for the time period after September 20, 2004, there is an admittance note on October 17, 2004, reporting a 35-40 pound weight loss over the last two months and abdominal pain after eating heavy food. [R. 426]. An ultrasound exam performed on October 18, 2004, showed "Gallbladder sludge with associated gallbladder wall thickening" and "Ascites." [R. 450]. Preoperative diagnoses on October 19, 2004, were: Cholecystitis, (HIV), Ascites, Panlobular elevation of Liver function tests, 40-pound weight loss and Urinary tract infection. [R. 434, 441]. Operative findings that date, were: "Ascites, Nodular liver, Rotten gallbladder and Multiple adhesions to the gallbladder." [R. 442]. A consultation note on October 26, 2004, reported a large amount of weight loss and HIV not as well

4

under control for the "past two months." [R. 439].  Plaintiff was also found to have Hepatitis C. [R. 422, 440].  The remainder of the Tulsa Regional Medical Center treatment records consist of November and December 2004 treatment records, showing some muscle atrophy, massive diffuse ascites, Hepatitis C, liver failure, acute renal failure, and suspected pancreatitis with admittance to the intensive care unit. [R. 379, 387, 396, 401, 410, 416].  On December 7, 2004, Plaintiff was described as a 48-year-old male with end-stage liver disease secondary to hepatitis C, HIV and AIDS. [R. 375].[3]

On April 8, 2005, the Appeals Council denied Plaintiff's Request for Review, stating it had considered "the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council." [R. 6].  That order simply states: "Exhibit AC-1   Medical records from Tulsa Regional Medical Center dated December 8, 1998 to June 26, 2004." [R. 10].  The Council stated:

> We also looked at Medical evidence from Tulsa Regional Medical Center dated October 17, 2004 to December 11, 2004.  The Administrative Law Judge decided your case through September 20, 2004.  This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before September 20, 2004.
>
> If you want us to consider whether you were disabled after September 20, 2004, you need to apply again.  We are returning the evidence to you to use in your new claim.

[R. 7].

---

[3] Plaintiff died on March 19, 2005. [Certificate of Death attached to Complaint [Dkt. 2].

Plaintiff asserts the Appeals Council failed to properly evaluate the additional evidence, that the ALJ failed to perform proper Step Two and Three determinations and that the ALJ failed to perform a proper credibility determination. For the following reasons, the Court finds this case must be reversed and remanded to the Commissioner for reconsideration.

### **Appeals Council's Review**

Under 20 C.F.R. § 404.970(b) and 416,1470(b), the Appeals Council must consider evidence submitted with a request for review if the additional evidence is (a) new, (b) material and (c) related to the period on or before the date of the ALJ's decision. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). If the evidence qualifies as new, material and chronologically relevant and the Appeals Council considered it in connection with the claimant's request for administrative review (regardless of whether review was ultimately denied), it becomes part of the record the court assesses in evaluating the Commissioner's denial of benefits under the substantial evidence standard. *Chambers*, 389 F.3d at 1142 (citing *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). If the evidence qualifies but the Appeals Council did not consider it, the case should be remanded for further proceedings. *Id*, (citing *Lawson v. Chater*, 83 F.3d 432, 1996 WL 195124, at **1 (10th Cir. 1996) (unpublished)).

In this case, some of the evidence submitted to the Appeals Council clearly qualifies because the treatment records relate to the period of time before the date of the ALJ's decision. *Chambers,* 389 F.3d at 1143 (the relevant time is the period "on or before the date of the ALJ's hearing decision"). Counsel for the Commissioner claims the Appeals Council "considered all the relevant evidence" (emphasis in original) and

6

proffers an explanation as to how the evidence was evaluated. [Defendant's brief, p. 4]. However, the Court finds no such delineation in the Appeals Council's notice letter. In fact, the Appeals Council did not even mention the evidence submitted by Plaintiff's attorney on September 23, 2004 and October 28, 2004.

The ALJ's decision was based in large part upon his determination that Plaintiff's HIV infection was essentially asymptomatic. [R. 101]. The evidence from Dr. Kache reports HIV neuropathy prior to the date of the ALJ's decision. Because the listing for HIV identifies "[o]ther neurological manifestations of HIV infection (e.g. peripheral neuropathy)" as a criterion for meeting the listing, that evidence is chronologically relevant and material and there is a reasonable possibility that such evidence would impact the outcome of the Commissioner's decision. See Listing 14.08, *Human immunodeficiency virus (HIV) infection*. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.08 H.2; *See also Lawson*, 83 F.3d, 1996 WL 195124, at *2 (10th Cir. 1996) (Evidence may be material if it highlights or corroborates complications or symptoms from claimant's condition that were not fully appreciated in prior proceedings).

The same is true of those portions of the Tulsa Regional Medical Center's treatment records that pre-date the ALJ's decision and those dated shortly thereafter which contain references to Plaintiff's AIDS related symptoms exhibited in the two months prior to his November 2004 hospitalization. Defendant quibbles with Plaintiff's citation to the record regarding the diagnosis of hepatitis "B." The strain of the virus is not relevant. The presence of hepatitis is one of the criterion required to meet Listing 14.08. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.08 D.5. Listing 5.05 *Chronic liver disease*, under which the disease is evaluated for Listing 14.08, describes the

7

manifestation criteria for hepatitis and does not differentiate between Hepatitis A, B or C.  Furthermore, ascites, a criterion of Listing 5.05, were found by Plaintiff's surgeons in October 2004 and were described as "massive" and "diffuse."  This was less than one month after the ALJ's decision.  Such evidence undermines the ALJ's conclusion that Plaintiff's AIDS/HIV was essentially asymptomatic as of September 20, 2004. Under the circumstances of this case, the Court finds the Commissioner did not properly review the new, material and chronologically relevant medical evidence submitted by Plaintiff's attorney and made a part of the administrative record.

## Conclusion

Because the Commissioner did not properly consider relevant medical evidence in determining that Plaintiff was not disabled prior to the date of the ALJ's decision and because there is a reasonable possibility that the ALJ's determination might have been different had that evidence been before him, the Court cannot say that the Commissioner's determination is supported by substantial evidence.  Therefore, the decision of the Commissioner finding Plaintiff not disabled is REVERSED and REMANDED for reconsideration.

Dated this 16th day of November, 2006.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE